# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **SCHUMACHER HOMES OPERATIONS, INC.**, <br> 2715 Wise Avenue NW <br> Canton, Ohio 44708 <br><br> and <br><br> **SCHUMACHER HOMES OF CIRCLEVILLE, INC.** <br> 2715 Wise Avenue NW <br> Canton, Ohio 44708 <br><br> *Plaintiffs,* <br><br> v. <br><br> **WILLIAM BOLIN** <br> 7619 Vern Place <br> Orient, Ohio 43146 <br><br> and <br><br> **MEGHAN BOLIN** <br> 7619 Vern Place <br> Orient, Ohio 43146 <br><br> and <br><br> **GREGORY KEELER dba DESIGN TECHNOLOGIES** <br> 2549 Crestview Woods Drive <br> Newark, Ohio 43055-6095 <br><br> and <br><br> **WISENBARGER & ASSOCIATES, LTD.** <br> c/o It's Statutory Agent <br> 7254 Borror Road <br> Orient, Ohio 43146 <br><br> *Defendants.* | **CASE NO.:** <br><br> **JUDGE:** <br><br> **COMPLAINT: COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION; PERMANENT INJUNCTION** |

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Schumacher Homes Operations, Inc., and Schumacher Homes of Circleville, Inc. (collectively referred to as "Schumacher Homes" or "Plaintiff"), to seek recovery from and a permanent injunction against William Bolin, Meghan Bolin, Gregory Keeler dba Design Technologies, and Wisenbarger & Associates, Ltd. (collectively referred to as "Defendants") for copyright infringement, and unfair competition, as more particularly stated below:

## PARTIES

1. Schumacher Homes of Circleville, Inc. is a corporation formed under the laws of the State of Ohio having a principal place of business at 2715 Wise Avenue NW, Canton, Ohio 44708.

2. Schumacher Homes Operations, Inc. is a corporation formed under the laws of the State of Ohio and having a principal place of business at 2715 Wise Avenue NW, Canton, Ohio 44708.

3. Upon information and belief, Defendant, Gregory Keeler ("Keeler") is an individual doing business as Design Technologies, residing within Ohio with the last known address being 2549 Crestview Woods Drive, Newark, Ohio 43055-6095.

4. Upon information and belief, Defendant, Wisenbarger & Associates, Ltd. ("Wisenbarger") is a limited liability company, formed under the Laws of the State of Ohio, having a principal place of business at 1968 Betty Lane, Orient, Ohio 43146-8204.

5. Upon information and belief Defendant, William Bolin is an individual residing within Ohio with the last known place of address being 7619 Vern Place, Orient, Ohio 43146.

6. Upon information and belief Defendant, Meghan Bolin ("Meghan Bolin") is an individual residing within Ohio with the last known place of address being 7619 Vern Place, Orient, Ohio 43146.

## JURISDICTION AND VENUE

7. This is a civil action seeking actual damages, a permanent injunction, and Defendants' profits for copyright infringement pursuant to 17 U.S.C. § 501 et. seq. and unfair competition pursuant to 15 U.S.C. § 1125.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2) and 1400(a).

## FACTUAL BACKGROUND

10. Schumacher Homes restates the allegations contained in paragraphs 1 through 9 as if fully rewritten herein.

11. Schumacher Homes is engaged in the business of designing, marketing, and building single family residential homes throughout the United States.

12. As an integral portion of its business, Schumacher Homes creates, or commissions the creation of original, new house designs which are intended to meet the ever-changing expectations of new homebuyers.

13. Schumacher Homes spends a great deal of time, effort, creativity and money designing, advertising, and offering for sale such house designs.

14. Schumacher Homes is owner of a house design called the "Olivia," registered with the United States Copyright Office as the "Olivia" (hereinafter referred to as the "Olivia").

15. The Olivia architectural work and technical drawings are the subject of U.S. Copyright Registration Nos. VA0001243822 effective September 8, 2003, and VA0001243821, effective September 8, 2003, for the technical drawings and architectural work respectively, copies of the registration certificates are attached as **Exhibit 1**.

16. On or about July 12, 2019. William Bolin and Meghan Bolin (collectively the "Bolins") entered into a purchase agreement with Schumacher Homes for the construction of an Olivia home design.

17. In anticipation of constructing a home for the Bolins, Schumacher Homes prepared specifications and home plans of the Olivia for the Bolins. A copy of the approved plans of the Olivia prepared by Schumacher Homes for the Bolins are attached hereto as **Exhibit 2**.

18. The plans prepared by Schumacher Homes for the Bolins contained a copyright notice and the warning "The plans and the designs embodied herein are the property of Schumacher Homes Operations, Inc. and its affiliates ("Schumacher Homes"). These plans are not to be used to create derivative works, technical drawings or to build a structure, reproduced, copied, or modified, in whole or part, without the expressed written consent of Schumacher Homes, and such unauthorized use or copying is a violation of the United States copyright law and may result in damages in excess of $100,000 per act of infringement."

19. After Schumacher Homes had begun preliminary work in preparation for the construction of the Olivia for the Bolins, the Bolins decided to cancel the purchase agreement with Schumacher Homes.

20. On or about November 24, 2019, the Bolins and Schumacher Homes entered into a confidential "Settlement Agreement" cancelling the purchase agreement. The Settlement

Agreement stated that the Bolins, "further acknowledged that this Agreement does not include a release from Schumacher Homes' copyright registration and that Homeowner agrees not to construct a home based on Schumacher Homes' plans or derivative thereof."

21. The Bolins had access to Schumacher Homes' Olivia design in the aforementioned plans and specifications and also on Schumacher Homes' website.

22. Upon information and belief, despite having explicitly acknowledged Schumacher Homes' copyrights in the Settlement Agreement, the Bolins directly or indirectly provided to Keeler and Wisenbarger, documents depicting the Olivia copyrighted house design without authorization.

23. Upon information and belief, at the request of the Bolins, Keeler has created or had created blueprints of the Olivia design ("Accused Plans") without authorization .

24. Upon information and belief, Keeler and Wisenbarger have made and distributed the Accused Plans without authorization. A copy of the Accused Plans allegedly prepared by Keeler are attached hereto as **Exhibit 3**.

25. Upon information and belief, Wisenbarger used the Accused Plans to construct a home located at 7619 Vern Place, Orient, OH 43146, which is substantially similar to and a copy of Schumacher Homes Olivia design (the "Accused House").

26. Defendants have never sought nor obtained permission from Schumacher Homes to use the Copyrighted Olivia architectural work or technical drawings to create the Accused Plans or the Accused House.

27. Defendants' actions as described herein violate Schumacher Homes' copyright rights in the Olivia architectural work and technical drawings. Specifically:

A. Defendants have created and/or directed the creation of construction plans that are copies of or derivatives of the copyrighted Olivia Architectural Work. Such plans are unlicensed copies or derivatives of the Olivia, and their creation violates the copyright owners' exclusive rights to reproduce or create derivatives of the copyrighted work.

B. Upon information and belief, Keeler and Wisenbarger have distributed copies of the copyrighted architectural work and technical drawings. Such distribution violates the copyright owner's exclusive right to distribute copies of the copyrighted architectural work and technical drawings, to display the copyrighted architectural work and technical drawings publicly, and to display derivatives of the copyrighted architectural work and technical drawings publicly;

C. Wisenbarger has constructed the Accused House at the direction of the Bolins. Such construction violates the copyright owner's exclusive right to reproduce the copyrighted architectural work and technical drawings, and to prepare derivatives of the copyrighted architectural work and technical drawings.

D. Upon information and belief, the Defendants undertook all of these activities despite actual knowledge of Schumacher Homes' copyrights, and despite prominent notices and warnings on the plans and sketches that unauthorized use would constitute copyright infringement. Further, the Bolins had specifically acknowledged Schumacher Homes' retained copyright rights and agreed that they would not construct a home based on Schumacher Homes' plans or derivatives thereof in the Settlement Agreement.

E. Defendants refused to cease and desist in their infringing activities after receipt of Schumacher Homes' cease and desist notification. The Defendants' actions have thus been committed with either actual knowledge or with reckless disregard that their actions constituted copyright infringement, and as such constitute willful copyright infringement.

## COUNT I

## COPYRIGHT INFRINGEMENT
## ADVERSE TO ALL DEFENDANTS

28. Schumacher Homes incorporates by reference each and every allegation contained in paragraphs 1 through 27 as if fully restated herein.

29. Defendants' unauthorized distribution of documents depicting the Olivia copyrighted house design infringes the copyrights of Schumacher Homes in the Olivia architectural work and technical drawings in violation of 17 U.S.C. §501.

30. Defendants' creation of blueprints using Schumacher Homes' Olivia design infringes the copyright of Schumacher Homes in the technical drawings depicting the architectural work for the Olivia design in violation of 17 U.S.C. §501.

31. The Defendants' construction of the Accused House using the Olivia design infringes on Schumacher Homes' copyrights in the architectural work and technical drawings in violation of 17 U.S.C. §501.

32. The Defendants' conduct in infringing Schumacher Homes' copyrights has been and continues to be willful, and in wanton disregard of Schumacher Homes' rights.

33. Schumacher Homes has suffered damages as a result of the Defendants' infringement of its copyrights.

34. The Defendants are liable for all of Schumacher Homes' actual damages, being the amount of profit Schumacher Homes would have earned from the construction of the Defendants' infringing structure, or alternatively statutory damages enhanced for willfulness.

35. Keeler and Wisenbarger are also liable to Schumacher Homes for all profits each of them earned as a result of the infringing acts described above.

36. Each individual Defendant is vicariously liable for infringement of Schumacher Homes' copyright, and as such is jointly and severally liable for all amounts for which any individual Defendant may be found liable.

37. Schumacher Homes is entitled to a permanent injunction pursuant to 17 U.S.C. §502 prohibiting Defendants from infringing Schumacher Homes' copyrights, including but not limited to an injunction prohibiting (1) further creation, use, or distribution of copies of the Copyrighted architectural work or technical drawings and any derivatives thereof, including copies of all construction plans and non-pictorial representations of houses based on the infringing design; (2) construction, marketing, or sale of this house based on any of the copyrighted architectural works; and (3) any other use of this or any other Schumacher Homes' architectural works or technical drawings.

38. Unless enjoined by this Court, Defendants will continue their unlawful conduct and cause additional injury to Schumacher Homes for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION
### ADVERSE TO ALL DEFENDANTS

39. Schumacher Homes incorporates by reference each and every allegation contained in Paragraphs 1 through 38 as if fully restated herein.

40. Defendants use of Schumacher Homes' copyrighted Olivia house design constitutes an act of unfair competition in violation of 15 U.S.C. §1125.

41. By utilizing Schumacher Homes' copyrighted design, Defendants have falsely led the public to believe that the source and origin of the Olivia design is that of the Bolins, Keeler and/or Wisenbarger and not Schumacher Homes.

42. Defendants violations of 15 U.S.C. §1125 have been intentional, willful, malicious, fraudulent and/or in bad faith.

43. Schumacher Homes has suffered damages and is entitled to compensation as a result of Defendants' willful and intentional representations.

44. Keeler and Wisenbarger are also liable to Schumacher Homes for all profits earned by these defendants as a result of the infringing acts described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Schumacher Homes Operations, Inc., and Schumacher Homes of Circleville, Inc., pray that this Court enter judgment in their favor and against Defendants, William Bolin, Meghan Bolin, Gregory Keeler dba Design Technologies, and Wisenbarger & Associates, Ltd. as follows:

   A. That Defendants have infringed on Schumacher Homes' copyrights in the Olivia design under 17 U.S.C. §501, et seq., and that such infringement has been willful;

   B. That Defendants have violated 15 U.S.C. §1125(a) and that such conduct has been willful, intentional, malicious, fraudulent and/or in bad faith;

   C. That Schumacher Homes be awarded compensatory damages, in an amount to be determined at trial, but in excess of $25,000.00;

   D. That an accounting to be done to determine Schumacher Homes' damages as a result of the infringements, as well as the profits earned by Defendants attributable to their unlawful actions and to award such damages to Schumacher Homes;

E. That Schumacher Homes be awarded a disgorgement of the profits of the infringement pursuant to 17 U.S.C. §504(b), in an amount not yet determined but in excess of $25,000.00;

F. That a permanent injunction be entered pursuant to 17 U.S.C. §502 prohibiting Defendants from infringing the copyrights of Schumacher Homes, including but not limited to an injunction prohibiting (1) further construction and/or creation, use, or distribution of copies of the Copyrighted Architectural Work or any derivatives thereof, including copies of all construction plans and pictorial representations of houses based upon any of Schumacher Homes' Copyrighted Architectural Works; (2) construction, marketing and/or sale of all houses based on any of Schumacher Homes' Copyrighted Architectural Works; and (3) any other use of this or any other Schumacher Homes' designs and/or architectural works;

G. That Defendants destroy all works in the possession of Defendants that infringe on the rights of Schumacher Homes;

H. That Schumacher Homes be awarded costs associated with this action;

I. That Schumacher Homes be awarded damages as provided by 15 U.S.C. §1117;

J. That Schumacher Homes be awarded it attorney fees pursuant to 15 U.S.C. §505; and

K. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA

/s/ Faith R. Dylewski
Faith R. Dylewski (#0074985) – Trial Attorney
6545 Market Avenue North
North Canton, Ohio  44721
Telephone: (330) 244-8000
Telefax: (330) 244-8002
E-mail:  fdylewski@soleslaw.com

*Counsel for Plaintiffs, Schumacher Homes Operations, Inc, and Schumacher Homes of West Virginia, Inc.*